IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

------------------------------------x

SOMPO JAPAN NIPPONKOA INSURANCE INC.,

        *Plaintiff*,

    - against -

FEDEX FREIGHT, INC.,

        *Defendant*.

------------------------------------x

No.

## COMPLAINT

Plaintiff Sompo Japan Nipponkoa Insurance Inc. (hereinafter "Sompo" or "Plaintiff") by its undersigned attorneys, for its Complaint, against Defendant FedEx Freight, Inc., alleges on as follows:

### GENERAL ALLEGATIONS
### APPLICABLE TO ALL CAUSES OF ACTION

### JURISDICTION, VENUE AND PARTIES

1. This Court has subject matter jurisdiction pursuant to federal law under 28 U.S.C. § 1331 as a claim arising under an Act of Congress regulating commerce within the meaning of 28 U.S.C. § 1337(a) and pursuant to the Carmack Amendment codified at 49 U.S.C. § 14706 and/or federal common law, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

2. At all times material hereto, Plaintiff Sompo was and is a corporation existing under and by virtue of the laws of Japan, who insured Ricoh USA Inc. ("Ricoh"), the owner of the shipments which are the subject matter of this action.

1

3. Defendant FedEx Freight, Inc. (hereinafter "Defendant" or "FedEx") is a corporation organized and existing under the laws of the State of Arkansas, and was and now is engaged in business as, *inter alia*, a carrier of goods by road for hire, forwarder, broker and/or otherwise involved in the transportation of goods and operates and runs routes in this District, and does business in the State of Illinois and in this District.

4. Venue is proper here within the meaning of 28 U.S.C. § 1391(c) and/or 49 U.S.C. § 14706(d) because Defendant FedEx is a receiving and/or delivering carrier and/or does business and/or schedules or operates trucks and routes throughout the 48 contiguous United States including the State of Illinois and the area comprising the Northern District of Illinois. Illinois is the most convenient forum because the most valuable cargo in question was tendered to FedEx here and the most important witnesses involved with the claim are located here.

## SHIPMENT 1

5. On or about August 24, 2018 there was shipped by Ricoh and delivered to Defendant FedEx in Bolingbrook, Illinois a consignment consisting of a new Ricoh graphic arts printer, then being in good order and condition ("Shipment 1"). In consideration of certain agreed freight charges thereafter paid or agreed to be paid, Defendant FedEx agreed to transport and carry and/or broker and/or forward and/or otherwise arrange for transport of Shipment 1 to Fargo, North Dakota, and there deliver Shipment 1 in the same good order and condition as when received. Shipment 1 is described in transportation document IKN-666296 dated August 24, 2018, and/or such other documents as may be deemed to constitute receipts or parts of the contracts of carriage.

6. Shipment 1 was not delivered at destination in the same good order and condition as received, but on the contrary, was severely damaged, all in violation of Defendant

FedEx's obligations as a carrier and/or broker and/or forwarder and/or otherwise.

7. Plaintiff insured Shipment 1 against loss and damage. By reason of the loss described above, Plaintiff was obliged to pay and actually paid the claim to Ricoh, the shipper and owner of the consignment, and incurred substantial additional other expenses, for which Defendant FedEx is legally liable. Plaintiff brings this action on its own behalf and as agent or trustee on behalf of all parties who may be or become interested in Shipment 1 as their respective interests may ultimately appear, and Plaintiff is duly entitled to maintain this action.

8. Plaintiff and its assured have performed all conditions on their parts to be performed.

9. By reason of the foregoing, Plaintiff has sustained damages, as nearly as can now be estimated, no part of which has been paid although duly demanded, in a sum estimated to be up to U.S. $100,000.00.

## **SHIPMENT 2**

10. On or about October 26, 2018 there was shipped by Ricoh and delivered to Defendant FedEx in Bethlehem, Pennsylvania a consignment consisting of a new Ricoh photocopier, then being in good order and condition ("Shipment 2"). In consideration of certain agreed freight charges thereafter paid or agreed to be paid, Defendant FedEx agreed to transport and carry and/or broker and/or forward and/or otherwise arrange for transport of Shipment 2 to Tampa, Florida, and there deliver Shipment 2 in the same good order and condition as when received. Shipment 2 is described in transportation document IKN-688525 dated October 26, 2018, and/or such other documents as may be deemed to constitute receipts or parts of the contracts of carriage.

3

11. Shipment 2 was not delivered at destination in the same good order and condition as received, but on the contrary, was severely damaged, all in violation of Defendant FedEx's obligations as a carrier and/or broker and/or forwarder and/or otherwise.

12. Plaintiff insured Shipment 2 against loss and damage. By reason of the loss described above, Plaintiff was obliged to pay and actually paid the claim to Ricoh, the shipper and owner of the consignment, and incurred substantial additional other expenses, for which Defendant FedEx is legally liable. Plaintiff brings this action on its own behalf and as agent or trustee on behalf of all parties who may be or become interested in the Shipment 2 as their respective interests may ultimately appear, and Plaintiff is duly entitled to maintain this action.

13. Plaintiff and its assured have performed all conditions on their parts to be performed.

14. By reason of the foregoing, Plaintiff has sustained damages, as nearly as can now be estimated, no part of which has been paid although duly demanded, in a sum estimated to be up to U.S. $24,750.00.

### FIRST CAUSE OF ACTION

### BREACH OF CONTRACT AND/OR DUTIES UNDER THE CARMACK AMENDMENT

15. Plaintiff incorporates herein by reference all of the preceding allegations and all of the allegations below.

16. By reason of the foregoing, the Defendant FedEx was a carrier of merchandise and/or freight forwarder and/or broker and breached its duties as such under the Carmack Amendment, 49 U.S.C. § 14706, and/or other applicable laws and/or under the applicable transportation contracts.

4

17. By reason of the foregoing, the Defendant FedEx has caused damage to Plaintiff, and to the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to U.S. $124,750.00.

## SECOND CAUSE OF ACTION

## BREACH OF BAILMENT OBLIGATIONS

18. Plaintiff incorporates herein by reference all of the preceding allegations and all of the allegations below.

19. The Defendant FedEx was acting as a bailee of Shipments 1 and 2 at the time of the loss. The Defendant FedEx was thereby, or through its contractors, agents, servants or sub-bailees, a bailee who warranted and had a legal duty to safely keep, care for and deliver Shipments 1 and 2 in the same condition as when entrusted to it and to perform its services as a bailee or to ensure that those services were performed with reasonable care and in a non-negligent and workmanlike manner. The Defendant FedEx breached those bailment obligations and negligently failed to deliver to Plaintiff's assured, or its designee, Shipments 1 and 2 in as good condition as when entrusted to them.

20. By reason of the foregoing, the Defendant FedEx has caused damage to Plaintiff, and to the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to U.S. $124,750.00.

## THIRD CAUSE OF ACTION

## NEGLIGENCE/GROSS NEGLIGENCE

21. Plaintiff incorporates herein by reference all of the preceding allegations and all of the allegations below.

22. The Defendant FedEx, by its negligence and/or gross negligence, including its negligent entrustment/failure to carefully select the actual truckers, caused the damage to Shipments 1 and 2. The facts indicate that Defendant may also well have failed to use reasonable care in handling Shipments 1 and 2 and/or in other ways which will be elucidated in discovery. The Defendant FedEx therefore improperly failed to deliver Shipments 1 and 2 to the consignee, or its designee, in as good condition as when entrusted to it.

23. By reason of the foregoing, the Defendant FedEx has caused damage to Plaintiff, and to the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to U.S. $124,750.00.

WHEREFORE, Plaintiff prays:

1. That process in due form of law may issue against the Defendant FedEx citing it to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against Defendant FedEx on each of the Causes of Action for the amount of Plaintiff's damages, together with interest, costs and the disbursements of this action;

3. That this Court will grant to Plaintiff such other and further relief as may be just and proper.

Dated: September 26, 2019

SOMPO JAPAN NIKKONKOA
INSURANCE, INC.

By: /s/ James J. Sipchen
    Stephen C. Veltman, Esq.
    James J. Sipchen, Esq.
    PRETZEL & STOUFFER, CHTD.
    One S. Wacker
    Suite 2500
    Chicago, IL 60606
    Tel: (312) 578-7528
    Fax: (312) 346-8242
    Email: sveltman@pretzel-stouffer.com
           jsipchen@pretzel-stouffer.com
*Attorneys for Plaintiff*

-and-

David T. Maloof, Esq.
(application for pro hac vice pending)
Kipp C. Leland, Esq.
(application for pro hac vice pending)
John Eric Olson, Esq.
(application for pro hac vice pending)
MALOOF & BROWNE LLC
411 Theodore Fremd Ave. Suite 190
Rye, New York, 10580
Tel: (914)-921-1200
Fax: (914)-921-1023
Email: dmaloof@maloofandbrowne.com
       kleland@maloofandbrowne.com
       jolson@maloofandbrowne.com
*Attorneys for Plaintiff*

7